Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*C.D. Peacock Holdings LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| C.D. PEACOCK HOLDINGS LLC<br>*Plaintiff*<br><br>v.<br><br>LIAONING PEACOCK WATCH CO., LTD.; PEACOCK WATCH (GROUP) HK LIMITED; PEACOCK WATCH (GROUP) SHENZHEN CO., LTD.; and PEACOCK WATCH INDUSTRY (GROUP) CO., LTD.<br>*Defendants* | **CIVIL ACTION No. 26-cv-6911**<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff C.D. Peacock Holdings LLC ("Plaintiff" or "C.D. Peacock"), a Delaware limited liability company, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; and false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)), arising from Defendants Liaoning Peacock Watch Co., Ltd., Peacock Watch (Group) HK Limited, Peacock

Watch (Group) Shenzhen Co., Ltd., and Peacock Watch Industry (Group) Co., Ltd.'s (collectively, "Defendants") use of the Infringing Marks (as defined *infra*).

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121, as an action arising out of violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition.

3. Personal jurisdiction exists over Defendants in New York pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or N.Y. C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in New York and in this judicial district, particularly via Defendants' Websites (as defined *infra*), advertise, supply, and contract to supply their goods (including, upon information and belief, Defendants' Products featuring the Infringing Marks, as defined *infra*) to consumers in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district, and/or otherwise avails themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to Plaintiff in New York and in this judicial district, such that Defendants should reasonably expect its actions to have consequences in New York and in this judicial district.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct business in this judicial district, a substantial part of the events or

omissions giving rise to the asserted counts occurred in this judicial district, harm to Plaintiff has occurred in this district, and/or this Court may exercise personal jurisdiction over Defendants.

## THE PARTIES

5. C.D. Peacock is a limited liability company organized and existing under the laws of the Delaware, with a principal place of business at 100 N. Wilkes-Barre Blvd., 4th Floor, Wilkes-Barre, Pennsylvania 18702.

6. Upon information and belief, Defendant Liaoning Peacock Watch Co., Ltd. is a limited company organized and existing under the laws of China, with a registered business address of No. 18-20 Jinquan Road, Zhenxing District, Dandong City, Liaoning Province, China.

7. Upon information and belief, Defendant Peacock Watch (Group) HK Limited is a limited company organized and existing under the laws of Hong Kong, with a principal place of business at Unit 3, 24/F, Ho King Commercial Centre, 2–16 Fa Yuen Street, Mong Kok, Kowloon Hong Kong.

8. Upon information and belief, Defendant Peacock Watch (Group) Shenzhen Co., Ltd. is a limited company organized and existing under the laws of China, with a principal place of business at Oct Creative Culture Park, Nanshan District, Room 301, Building E6, South District, Shenzhen, China 518000, and a registered business address of 1804, Fintech Building, No. 11 Keyuan Road, Science Park Community, Yuehai Street, Nanshan District, Shenzhen City, Guangdong Province, China.[1]

9. Upon information and belief, Defendant Peacock Watch Industry (Group) Co., Ltd. is a limited company organized and existing under the laws of China, with the same registered business address as Defendant Liaoning Peacock Watch Co., Ltd.

---

[1] This address is listed as the "warehouse address" on https://peacockwatches.com.

10. Upon information and belief, Defendant Peacock Watch (Group) Shenzhen Co., Ltd. is a wholly-owned subsidiary of Defendant Peacock Watch Industry (Group) Co., Ltd.

11. Upon information and belief, until on or about May 2024, Defendant Liaoning Peacock Watch Co., Ltd. was also a wholly-owned subsidiary of Defendant Peacock Watch Industry (Group) Co., Ltd. Currently, upon information and belief, both entities still share the same registered business address and telephone numbers.

12. Upon information and belief, all Defendants are related entities.

13. Upon information and belief, at all times relevant to this Complaint, such a unity of interest and ownership existed, and currently exists, between all Defendants such that separate personalities did not, and do not, in reality exist.

14. Upon information and belief, Defendants have collectively engaged in the illegal conduct alleged herein, and have enriched themselves, while Audi has suffered enormous financial injury.

## GENERAL ALLEGATIONS

### Plaintiff and Its C.D. Peacock Marks

15. Plaintiff is an iconic, premier, family-owned retailer of fine jewelry, watches, and gifts (collectively, the "C.D. Peacock Products"), which are sold throughout the United States, including via Plaintiff's flagship retail jewelry store based in Chicago, which was founded in 1837, as well as its Plaintiff's website, available at cdpeacock.com ("Plaintiff's Website").

16. Plaintiff's flagship retail location in Chicago—the CD Peacock Mansion, also known as the "House of Peacock"—is a historic symbol of luxury and sophistication in Chicago and beyond.

17. Watches—which are prominently featured on Plaintiff's Website—are a core component of Plaintiff's business, and one of the most popular C.D. Peacock Products. Attached hereto as **Exhibit A** are true and correct screenshots of the homepage of Plaintiff's Website.

18. More specifically, Plaintiff is well known for carrying a variety of high-end, sought-after watch brands, such as Rolex (both new and pre-owned), Cartier, Tudor, Omega, among many others.

19. Plaintiff has become well known throughout the United States, and has been the recipient of a number of accolades, including the Community Impact Award at the 2026 Diamonds Do Good Awards in Las Vegas.

20. Throughout the years, as Chicago's oldest existing jewelry retailer, Plaintiff has gained significant common law rights in its C.D. Peacock Products, and trademarks used in connection with the same, including C.D. PEACOCK and certain PEACOCK formative marks.

21. Plaintiff has also protected its valuable rights by filing for and obtaining one or more federal trademark registrations.

22. For example, Plaintiff owns the following U.S. Trademark Registration Nos., both of which are incontestable: 2,248,423, covering "C.D. PEACOCK" for goods in Class 14 ("jewelry for personal wear and adornment (not including watches); namely, necklaces, clasps, brooches, earrings, bracelets, ornamental pins and clips, and belt buckles; finger rings of precious metals; namely, men's, ladies', children's and babies's [*sic*], plain, engraved, precious and semi-precious stone mounted, signet, pearl, cameo, coral and miscellaneous finger rings; loose stones both precious and semi-precious; the following items made of gold or silver; namely, pocket knives, key rings, key chains, [ mesh bags, eyeglass cases, cigar and cigarette cases, cigar and cigarette holders, and match boxes; ] clocks, striking clocks; men's and ladies' watches; namely, strap,

pocket and pendant, plain, engraved, and precious stone set; watch movements and cases"), and 3,439,137, covering "C.D. PEACOCK" for services in Class 35 ("retail store services in the field of jewelry, watches, diamonds and gifts") (collectively, the "C.D. Peacock Marks" and "C.D. Peacock Registrations", respectively). True and correct copies of the C.D. Peacock Registrations for the C.D. Peacock Marks are attached hereto as **Exhibit B** and incorporated herein by reference.

23. The C.D. Peacock Registrations are valid, subsisting, and in full force and effect.

24. Since long prior to any date on which Defendants can rely, the C.D. Peacock Marks have been used exclusively and continuously by Plaintiff and have never been abandoned.

25. Given their incontestable status, the C.D. Peacock Registrations constitute conclusive evidence of their validity and of Plaintiff's exclusive right to use the C.D. Peacock Marks.

26. Plaintiff has invested a substantial amount of time, effort, and money promoting its C.D. Peacock Marks over a prolonged period of time. As a result of Plaintiff's efforts, the quality of the C.D. Peacock Products, the press and media coverage received, the word-of-mouth buzz generated by consumers, and volume of sales, the C.D. Peacock Marks have become prominently placed in the minds of the public. Members of the public have become familiar with the C.D. Peacock Marks, and have come to associate them exclusively with Plaintiff.

27. As a result of such associations, Plaintiff and its C.D. Peacock Marks have acquired a valuable reputation and goodwill among the public.

28. Plaintiff has gone to great lengths to protect its interests in in and to the C.D. Peacock Products and C.D. Peacock Marks. No one other than Plaintiff is authorized to use the C.D. Peacock Marks and/or manufacture, import, export, advertise, offer for sale or sell any goods utilizing the C.D. Peacock Marks without the express written permission of Plaintiff.

**Defendants' Wrongful and Infringing Conduct**

29. Plaintiff recently became aware of Defendants' wrongful actions, which vary and include, but are not limited to: using the C.D. Peacock Marks and/or marks that are confusingly similar thereto (collectively, the "Infringing Marks") in connection with Defendants' business(es), watches, watch components, and related products (collectively, "Defendants' Products").

30. More specifically, Plaintiff became aware of Defendant Peacock Watch (Group) Shenzhen Co., Ltd. through its filing of various applications covering the Infringing Marks with the United States Patent and Trademark Office ("USPTO)—U.S. Trademark Application Serial Nos. 98/473,549, covering " PEACOCK DanDong " for goods in Class 14 ("Jewellery; Watches; Wristwatches; Alloys of precious metal; Jewellery boxes; Necklaces; Ornaments of precious metal in the nature of jewelry; Pearls; Rings; Watch crowns"); 98/473,554, covering " PEACOCK DanDong " for goods in Class 14 ("Jewellery; Watches; Wristwatches; Alloys of precious metal; Jewellery boxes; Necklaces; Ornaments of precious metal in the nature of jewelry; Pearls; Rings; Watch crowns"); and 98/473,545, covering " K.Q.PEACOCK " for goods in Class 14 ("Jewellery; Watches; Wristwatches; Alloys of precious metal; Jewellery boxes; Necklaces; Ornaments of precious metal in the nature of jewelry; Pearls; Rings; Watch crowns") (collectively, the "Infringing Applications").

31. On or about December 19, 2024, Plaintiff filed an opposition against the Infringing Applications for the Infringing Marks due to a likelihood of confusion with the C.D. Peacock

Marks, Opposition No. 91295827 (the "Opposition"). A true and correct copy of Plaintiff's Notice of Opposition is attached hereto as **Exhibit C** and incorporated herein by reference.

32. During the pendency of the Opposition, on or about August 6, 2025, Defendant Peacock Watch (Group) Shenzhen Co., Ltd. expressly abandoned U.S. Application Ser. Nos. 98/473,545 and 98/473,545 however, one of the Infringing Applications remains pending, U.S. Application Ser. No. 98/473,549 (the "Remaining Infringing Application"). A true and correct copy of the Remaining Infringing Application is attached hereto as **Exhibit D** and incorporated herein by reference.

33. The Remaining Infringing Application was filed on or about March 28, 2024 on an intent to use basis; however, as of the filing hereof, upon information and belief, Defendants have begun using the Infringing Mark covered by the Remaining Infringing Application on or in connection with Defendants' Products in the United States, including in the State of New York.

34. For example, Defendants are using the Infringing Marks on or in connection with the sale of Defendants' Products via the following websites: https://peacock1957.com and https://peacockwatches.com/ (collectively, "Defendants' Websites"), both of which are accessible by consumers in the United States, including in the State of New York. True and correct screenshots of the homepages of Defendants' Websites are attached hereto as **Exhibit E** and incorporated herein by reference.

35. Despite having full knowledge of Plaintiff and the C.D. Peacock Marks, including via the Opposition and otherwise, Defendants have, upon information and believe, started using the Infringing Marks in the United States in connection with watches, which are a core component of the C.D. Peacock Products.

36. Plaintiff has confirmed that both of Defendants' Websites ship Defendants' Products to consumers in the United States, including those located in the State of New York.

37. In order to gain further information regarding Defendants and their infringing conduct, Plaintiff's counsel placed a test buy of one of Defendants' Products from one of Defendants' Websites (https://peacock1957.com). [2] A true and correct copy of Plaintiff's counsel's order confirmations, which list a shipping address in New York, New York, and that payment was made to Defendant Peacock Watch (Group) HK Limited, are attached hereto as **Exhibit F** and incorporated herein by reference.

38. A number of bloggers located in the United States, including those located in the State of New York, have created reviews or commentaries relating to Defendants' Products. For example, @WatchChris—a well-known YouTube blogger, targeted toward watch enthusiasts, with 207,000 subscribers and a website located at https://www.shopwatchchris.com—created a video commenting on Defendants' Products, which was posted on or about February 28, 2026. *See* https://www.youtube.com/watch?v=EokDWxSE6eU.

39. Notably, one of Defendants' Websites links to @WatchChris' blog post—upon information and belief, a blogger based in New York—as an "Enthusiast Review". *See* **Exhibit E**, p. 7.

40. Neither Plaintiff nor any authorized agents of Plaintiff have consented to Defendants' use of Infringing Marks on or in connection with Defendants' Products or otherwise.

---

[2] On the "About Us" page of https://peacock1957.com, it denotes that "Liaoning Peacock Watch Co., Ltd. is the movement manufacturing industrial base of Peacock Watch (Group) Co., Ltd, which integrates watch movement research and development, parts production, movement assembly and market sales."

41. By Defendants' use of the Infringing Marks, as alleged herein, which began long after Plaintiff's adoption and use of its C.D. Peacock Marks, Defendants have violated Plaintiff's exclusive rights in its C.D. Peacock Marks.

42. Defendants' use of the Infringing Marks has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Products and/or Defendants' business(es), thereby causing consumers to erroneously believe that Defendants' Products and/or Defendants' business(es) are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

43. In engaging in these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Plaintiff: infringed the C.D. Peacock Marks, and committed unfair competition.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Infringement of Registered Trademarks)**
**[15 U.S.C. § 1114/Lanham Act § 32(a)]**

44. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45. Plaintiff has continuously used the C.D. Peacock Marks in interstate commerce since on or before the dates of first use, as reflected in the C.D. Peacock Registrations attached hereto as **Exhibit B**.

46. Plaintiff, as the owner of all rights, title and interest in and to its C.D. Peacock Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

47. Upon information and belief, Defendants were, at the time they each engaged in the illegal actions as alleged herein, actually aware that Plaintiff is the owner of the C.D. Peacock Registrations for the C.D. Peacock Marks.

48. Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the C.D. Peacock Marks, to use the Infringing Marks.

49. Defendants knowingly and intentionally used one or more of the Infringing Marks, or marks that are confusingly similar thereto, in connection with Defendants' manufacturing, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of competing watch products.

50. Defendants' egregious and intentional use of the Infringing Marks and/or marks that are confusingly similar thereto in commerce has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of Defendants' Products and business(es), and is likely to deceive the public into believing that Defendants and/or Defendants' business(es) are associated with, or authorized by, Plaintiff.

51. Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the C.D. Peacock Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

52. Defendants' continued, knowing, and intentional use of the Infringing Marks and/or marks that are confusingly similar thereto without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered C.D. Peacock Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

53. As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the C.D. Peacock Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable C.D. Peacock Marks.

54. Based on Defendants' actions, as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(False Designation of Origin & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

55. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Plaintiff, as the owner of all right, title and interest in and to the C.D. Peacock Marks, has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act § 43(a) (15 U.S.C. § 1125).

57. The C.D. Peacock Marks are inherently distinctive and/or have acquired distinctiveness.

58. Defendants knowingly and willfully used in commerce marketing and promotional materials utilizing the Infringing Marks, including on Defendants' Websites and on or in

connection with Defendants' Products, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacture, advertisement, marketing, promotion, distribution, display, offering for sale and/or sale of Defendants' Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' Products are C.D. Peacock Products or related products, and/or that Defendants' Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of Defendants' Products, and/or Defendants' business(es), allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the C.D. Peacock Marks, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

59. By using the Infringing Marks that are confusingly similar to one or more of the C.D. Peacock Marks, Defendants have traded off the extensive goodwill of Plaintiff and its C.D. Peacock Marks, and did in fact induce, and intends to, and will continue to induce customers to purchase Defendants' Products, thereby directly and unfairly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its C.D. Peacock Products, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

60. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of the Infringing Marks would cause confusion, mistake or deception among purchasers, users and the public.

61. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the

purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, its C.D. Peacock Products and C.D. Peacock Marks.

62. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its C.D. Peacock Products and by depriving Plaintiff of the value of its C.D. Peacock Marks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the same.

63. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, inclusive and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for Defendants' willful trademark infringement of Plaintiff's federally registered C.D. Peacock Marks and for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

B. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or each of their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

i. using the Infringing Marks in connection with Defendants' business(es), Defendants' Websites, and Defendants' manufacturing importation, exportation, advertising, marketing, promotion, distribution, display, offering sale, and/or sale of Defendants' Products, including watches, watch components, jewelry, or related products;

ii. directly or indirectly infringing in any manner any of Plaintiff's C.D. Peacock Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's C.D. Peacock Marks to identify any goods or services not authorized by Plaintiff;

iv. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any such product by Plaintiff;

v. engaging in any other actions that constitute unfair competition with Plaintiff;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action; and

viii. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vii) above.

C. For an order that registration of the Remaining Infringing Application be denied by the USPTO;

D. For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that bear any marks that are confusingly similar to Plaintiff's C.D. Peacock Marks, including the Infringing Marks, pursuant to 15 U.S.C. § 1118;

E. For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their use of the Infringing Marks as described herein, including prejudgment interest;

F. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession, which rightfully belong to Plaintiff;

G. For an award of exemplary or punitive damages in an amount to be determined by the Court;

H. For Plaintiff's reasonable attorneys' fees;

I. For all costs of suit; and

J. For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims so triable.

Dated: August 13, 2026

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /S Kerry B. Brownlee
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*C.D. Peacock Holdings LLC*